# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

LUCAS SANCHEZ-AGUAYO,

    Petitioner,

v.                                                Case No. 8:12-CV-718-T-30MAP
                                                     Crim Case No.8:11-CR-60-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## O R D E R

Petitioner pleaded guilty to alien found in United States after deportation, and was sentenced to 41 months imprisonment to be followed by 3 years supervised release (CR Dkt. 26). Petitioner challenges his conviction and sentence in a motion to vacate pursuant to 28 U.S.C. § 2255 (CR Dkt. 40/CV Dkt. 1). The motion to vacate is premature.

Rule 4, Rules Governing Section 2255 Cases, requires a preliminary review of the motion to vacate. Section 2255 requires denial of the motion without a response if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); *Hart v. United*

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

*States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

The docket for the criminal case shows that on July 27, 2011, Petitioner appealed the judgment of conviction (CR Dkt. 28). That appeal is still pending. *See USA v. Sanchez-Aguayo*, Case No. 11-13449-GG, Eleventh Circuit Court of Appeals. Consequently, the motion to vacate is premature. *United States v. Dunham*, 240 F.3d 1328, 1329-30 (11th Cir. 2001) ("We conclude that the district court lacked jurisdiction to consider and rule on Dunham's § 2255 motion during the pendency of her direct appeal of her sentence, and therefore her appeal of the district court's denial of that motion is dismissed without prejudice and the district court's order denying Dunham's § 2255 motion is vacated without prejudice to Dunham's right to file a § 2255 motion after the disposition of her direct appeal."); *United States v. Varela*, 2002 U.S. Dist. LEXIS 17479, at *2 (N.D. Tex. Sept. 11, 2002) ("A district court may not adjudicate the merits of an application for post-conviction relief if a direct appeal is pending before the court of appeals.") (citations omitted).

Accordingly, the Court **ORDERS** that:

1. The motion to vacate sentence (CV Dkt. 1) is **DISMISSED** for lack of jurisdiction. The dismissal is without prejudice to Petitioner to file a motion to vacate after the disposition of the direct appeal.

2. The **Clerk** shall terminate any pending motions and close this case.

3. The **Clerk** is directed to terminate from pending status the motion to vacate in the underlying criminal case, case number 8:11-CR-60-T-30MAP (CR Dkt. 40).

**DONE** and **ORDERED** in Tampa, Florida on April 9, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*